## CIRCUIT COURT OF FAIRFAX COUNTY

Dennis Sobin

v.

Fairfax County
Dept. of Human Development

August 14, 1996

Case No. L-153340

BY JUDGE F. BRUCE BACH

This matter comes before the Court on Gregory Lucyk's objection to the Order requiring the Attorney General of Virginia to answer the habeas corpus petition of Dennis Sobin. The only issue before this Court is whether the Attorney's Office of Fairfax County or the Office of the Attorney General should answer Sobin's petition for habeas corpus. Upon consideration of the argument presented, I find that the County Attorney should answer the petition. .

Sobin seeks a writ of habeas corpus based upon a claim that the Order of the Court which terminated his residual parental rights was unlawful due to (i) ineffective assistance of counsel, (ii) double jeopardy, and (iii) violations of due process and equal protection. Sobin's children are presently in the custody of the Department of Family Services (formerly called the "Fairfax County Department of Human Development").

Section 63.1-56 of the Code provides that the Department of Family Services may accept children for placement subject to the supervision of the State Commissioner of Social Services and in accordance with rules prescribed by the State Board of Social Services. The County Attorney argues that, because the scope of the Court's inquiry is limited to whether placement of the Sobin children with the Department of Family Services violates due process of law, the legality of the placement can only be determined by a review of the regulatory authority of the State Board of Social Services. Therefore, the County Attorney argues, the Order of the Court requiring the Attorney General to answer the petition was proper.

The Attorney General asserts that there is no authority for the Attorney General to provide representation for a local social services department. Because it was the county that first initiated the parental rights termination proceeding giving rise to the petition and because the County Attorney represented the Department of Family Services throughout the proceedings, as a practical matter, the county should answer the petition now pending. The Attorney General further contends that if Sobin's appeal to the Court of Appeals were perfected, the County Attorney would have represented the Department of Family Services in the appeal proceedings; in this collateral challenge to the order of termination, the County Attorney should likewise defend the social services department. Finally, the Attorney General asserts that, under the Dillon Rule, virtually all county operations in Virginia are conducted pursuant to state authorization. This rule governing distribution of power, does not, however, provide a basis for Attorney General involvement in all routine county legal matters.

Section 2.1-121 of the Code, which sets out the duties to be performed by the Attorney General, states that the Attorney General will provide representation for every state department or agency. There is no authority in Title 2.1 for the Attorney General to provide representation for a local social services department, such as the Fairfax County Department of Family Services. It is true that the actions of the Department of Family Services must conform to the rules and regulations promulgated by the State Board of Social Services; however, there is nothing in the Code to indicate that the Attorney General must defend this habeas challenge to the county's parental rights action. Moreover, as a practical matter, the County Attorney has been actively involved in this litigation from the beginning; he has the background, the files and records, and an established attorney-client relationship with the county agency and its personnel. The County Attorney is in the better position to defend the habeas challenge.

Based on the argument presented, I find that the County Attorney should respond to the petition.